UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA DAVIS,

      Plaintiff,

v.                                                              Case No. 1:18-cv-1309

COMMISSIONER OF SOCIAL                  Hon. Janet T. Neff
SECURITY,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits. The Court remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *See* Judgment (ECF No. 17). This matter is before the Court on the plaintiff's motion for allowance of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $5,250.00 (ECF No. 19). The motion is unopposed.

    **I.**    **Discussion**

The EAJA provides in relevant part that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). Eligibility for a fee award in a civil action "requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and

1

(3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006). Here, plaintiff has met the elements to be eligible for an EAJA award, *i.e.*, plaintiff is the prevailing party, the government does not contest plaintiff's contention that its position was not "substantially justified," and no special circumstances exist in this case to make an award unjust. *Marshall*, 444 F.3d at 840.

The next step is to determine the amount of reasonable attorney fees to be awarded in this case. The EAJA provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "Although the EAJA was enacted in October 1981, it was amended in March 1996 to increase the hourly fee rate from $75.00 to $125.00. 28 U.S.C. § 2412(d)(1)(D)(2)(A)." *Metropolitan Van and Storage, Inc. v. United States*, 101 Fed. Cl. 173, 191 (Fed. Cl. 2011). Thus, the statutory rate for EAJA fees has remained the same for over two decades since the last increase. It has become commonplace for prevailing plaintiffs in Social Security Appeals to request EAJA fees and then request attorney fees in excess of $125.00 per hour. In recent years, this Court has found a reasonable attorney fee for experienced Social Security practitioners in EAJA cases to be $175.00. *See, e.g., Reed v. Commissioner of Social Security*, No. 1:16-cv-572, 2017 WL 3530855 (Report and Recommendation) (W.D. Mich. August 2, 2017) adopted in 2017 WL 3504872 (Order) (August 16, 2017). The Court based this $175.00 hourly rate on the increased cost of living as well as the prevailing market rate for hiring an attorney in Kent County, Michigan, a well populated county in the center of the southern division of this

2

district, which is home to the state's second largest city, and a venue of this Court, which is well situated for determining a proper market rate. *Id.* Restricting attorney fees to the statutory rate - which has not changed in two decades - will limit the availability of qualified attorneys for Social Security Appeals in this area. *Id.* Given these considerations, this Court should allow fees up to an hourly rate of $175.00.

Here, plaintiff seeks a fee of $5,250.00. While plaintiff's counsel's timesheets indicate that the two attorneys spent 49.2 hours of time working on this case, PageID.583-584, counsel has reduced the compensable time to 30 hours and requested a fee of $175.00. Counsel's reduced time spent on this matter falls within the range of time typically spent on Social Security Appeals.[1] Accordingly, plaintiff should be awarded the requested attorney's fee in the amount of $5,250.00.

Finally, prior to filing this lawsuit, plaintiff executed an assignment of any EAJA fees awarded to her in this case (ECF No. 19-3). Based on this assignment, plaintiff's counsel asks that the EAJA fee be paid directly to counsel. Counsel's request should be denied. The manner in which the EAJA fee is disbursed is left to the discretion of the Commissioner, not this Court. *See Kerr for Kerr v. Commissioner of Social Security*, 874 F.3d 926, 935 (6th Cir. 2017) ("[A]ttorney fees ordered under EAJA are to be paid to the prevailing party. . . We therefore conclude that although [the prevailing plaintiff] had the right to assign her EAJA fee award to her lawyer, the award itself was payable to [the plaintiff] and the Commissioner had discretion either to honor or not to honor the assignment.").

---

[1] *See Flamboe v. Commissioner of Social Security*, No. 1:12-cv-606, 2013 WL 1914546 at *2 (W.D. Mich. May 8, 2013) ("[a]lthough exceptions exist and each case is examined on its own merits, 40 hours generally marks the 'outer limits' of a reasonable expenditure of time on this type of case").

3

## II.    RECOMMENDATION

I respectfully recommend that the plaintiff's motion (ECF No. 19) be **GRANTED in part** and that defendant pay plaintiff attorney fees in the amount of **$5,250.00**.

Dated:  June 4, 2020                                          /s/ Ray Kent
                                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).