UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA DAVIS,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                               /

Case No. 1:18-cv-1309

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 23). "Defendant neither supports nor opposes counsel's request for attorney's fees" but offers a critique on plaintiff's motion (ECF No. 25). For the reasons discussed below, the motion should be granted in part.

    **I.**    **Discussion**

The Court reversed and remanded the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). *See* Judgment (ECF No. 17). On June 19, 2020, the Court awarded Attorney de la Torre ("plaintiff's counsel") attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,250.00 based upon 30 hours of attorney work at an hourly rate of $175.00. *See* Order (ECF No. 22).[1]

---

[1] As the Court explained (ECF No. 21, PageID.600), "While plaintiff's counsel's timesheets indicate that the two attorneys spent 49.2 hours of time working on this case, PageID.583-584, counsel has reduced the compensable time to 30 hours and requested a fee of $175.00. Counsel's reduced time spent on this matter falls within the range of time typically spent on Social Security Appeals."

1

This matter is now before the Court on plaintiff's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) for work performed by her counsel in federal court (ECF No. 23). Attorney fee awards in social security cases brought in this Court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 *et seq*.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-due benefits. *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006). The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406 for work performed before the administrative agency and for work performed in the Federal Court. *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261, 262 (6th Cir. 1994) (under 42 U.S.C. §§ 406(a) and 406(b) "each tribunal may award fees only for the work done before it").

Here, plaintiff received past due benefits of $108,576.90 and the agency withheld 25% of that amount ($27,144.23) to pay the representatives' fees. Notice of Award (Aug. 14, 2023) (ECF No. 23-1, PageID.608). Two different attorneys are seeking fees from this single pool of money. Attorney Morgan represented plaintiff at the administrative level and received a fee of $7,200.00 pursuant to 42 U.S.C. § 406(a). Plaintiff's Brief (ECF No. 24, PageID.616). This left

2

a balance of $19,944.23 in the withheld funds to pay plaintiff's counsel's fee for work performed in federal court pursuant to 42 U.S.C. § 406(b).

Plaintiff's counsel has not presented a straightforward request for fees. Counsel wants to receive her full fee of 25% of plaintiff's recovery. However, the agency has paid out $7,200.00 of that withheld money to Attorney Morgan. In her present motion, plaintiff's counsel asks the Court to "determine that [she] is entitled to payment of the remaining 25% past due benefits, totaling $19,944.23 ($27,144.23 less a credit of $5,250.00 to account for the EAJA received by the undersigned), and order the Commissioner to remit direct payment to Ms. de la Torre." Motion (ECF No. 23, PageID.603). As defendant pointed out, counsel's math regarding her fee does not add up. *See* Defendant's Response (ECF No. 25).

As the court observed in *Drawn v. Saul*, No. 215CV03787JFWKES, 2021 WL 4706549 at *1 (C.D. Cal. July 12, 2021), "The 25% cap on fees in § 406(b) 'applies only to fees for representation before the court, not the agency,' even though both the § 406(a) and § 406(b) fees 'are certified for payment out of a single source: the 25% of past-due benefits withheld by the Commissioner'" (quoting *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019)). In this regard, "the Commissioner cannot be compelled to pay § 406(b) attorney's fees for court representation after the claimant's past-due benefits have been disbursed." *Booth v. Commissioner of Social Security*, 645 Fed. Appx. 455, 458 (6th Cir. 2016).

> As the Third Circuit has explained, the Social Security Act "oversees and regulates the private obligation of the claimant to her counsel, but does not create a federal promise to pay counsel independently of the private obligation." *In re Handel*, 570 F.3d 140, 144 (3d Cir. 2009). Thus, the Eighth Circuit has held the district court has "no authority" to order the Commissioner to pay "the balance remaining on [an attorney's] fee award out of general social security funds." *Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir.1990). Likewise, the Tenth Circuit has explained, "If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees

3

>determined reasonable by the court, the attorney must look to the claimant[.]" *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008).

*Id*.

In an attempt to collect her full fee from a partially-depleted pool of withheld funds, plaintiff's counsel appears to propose a series of calculations by which she will receive the remaining balance of the withheld funds: (1) starting with the full $27,144.23 which the agency withheld, the Court should deduct the $5,250.00 EAJA fee which she previously received in 2020; (2) from this resulting balance of $21,894.23, counsel agrees to forego $1,950.00; and, (3) the Court should award counsel a net fee of $19,944.23.  *See* Plaintiff's Brief at PageID.616-617; Defendant's Response at PageID.619-620, footnote 1; Plaintiff's Reply (ECF No. 26, PageID.626). As discussed below, the Court does not agree with this methodology.

In determining the reasonableness of fees under § 406(b), the starting point is the contingent fee agreement between the claimant and counsel.  *Gisbrecht*, 535 U.S. at 807.  Here, plaintiff executed a contingent fee agreement in which she agreed to pay counsel 25% of the past-due benefits awarded to her.  In evaluating fees under § 406(b), there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990).

With respect to the first consideration, there is no suggestion that plaintiff's counsel engaged in improper conduct or was ineffective.  On the contrary, counsel secured a favorable result with substantial past due benefits.  With respect to the second consideration, the Court must determine whether the requested fee will result in an undeserved windfall to counsel.

4

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would ensure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422 (footnotes omitted). "In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id.*

Here, plaintiff's counsel did not submit evidence of the hours spent on this case.[2] While counsel states that "her firm devoted 49.2 hours to representing Amanda D. before this Court" (*see* Brief at PageID.615), the Court previously found that plaintiff's counsel spent 30 hours on this matter. *See* Order (ECF No. 22). Next, in awarding EAJA fees, the Court considered an hourly rate of $175.00 as reasonable in Social Security Appeals. However, the Court will apply the more recently adopted hourly rate of $204.75 to counsel's § 406(b) request. This hourly rate establishes a *Hayes* "floor" of $409.50 per hour. Based on the 25% withheld from plaintiff's past due benefits, counsel's hypothetical hourly rate of $ 904.81 ($27,144.23 / 30.0 hours) is more than twice the *Hayes* floor. This large recovery would result in a windfall to plaintiff's counsel. If the Court calculated the fee request based on the actual withheld funds available to be disbursed to counsel ($19,944.23), then counsel's hypothetical hourly rate would be $664.81 ($19,944.23 / 30.0

---

[2] The Court notes that counsel did not follow the following requirements of W.D. Mich. LCivR 54.2(b)(ii): "The motion must be accompanied by a supporting brief and all necessary documentation. The motion must state the following: . . . (G) ("an itemization of the services provided in judicial proceedings, specifying the hours worked, the work performed, and the attorney's hourly billing rate"); (H) ("an argument establishing that the fees sought are authorized under any applicable fee agreement, are reasonable"); and, (I) ("in addition to complying with the requirements of LCivR 7.1, an affirmative statement that the attorney has discussed the matter of fees with the plaintiff and the plaintiff either has no objection to the amount of fees sought in the motion, or that the plaintiff and the attorney disagree as to the reasonableness of the fees sought.").

hours).  While this rate still exceeds the *Hayes* floor, the Court concludes that this fee is reasonable and would not be a windfall based on the exceptional results achieved for the plaintiff. Accordingly, plaintiff's counsel should receive an attorney fee award of $19,944.23.

Next, this fee award needs to be adjusted to account for the EAJA fee of $5,250.00 which plaintiff's counsel previously received for the 30 hours of work performed in this Court.  As discussed, plaintiff's counsel asks the Court to deduct the EAJA fee award from the gross withholding of $27,144.23.  *See* Brief at PageID.616.  That is not the procedure utilized in these cases.  An award of attorney fees under both the EAJA and § 406(b) results in a recovery of two fee awards for performing the same work.  To prevent this double recovery, after receiving a fee award under § 406(b)(1)(A), an attorney refunds the smaller fee to the client.  As the Supreme Court has instructed,

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.

*Gisbrecht*, 535 U.S. at 796 (internal quotation marks and brackets omitted).  Accordingly, plaintiff's counsel will need to refund the amount of the previously awarded EAJA fee ($5,250.00) to plaintiff.  *Id*.

##  II.    Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for award of attorney fees (ECF No. 23) be **GRANTED IN PART** in the amount of **$19,944.23**, that defendant pay the fee from plaintiff's past-due benefits in accordance with agency policy, and that after receiving

6

this fee, plaintiff's counsel be directed to refund the amount of the EAJA fee award ($5,250.00) to plaintiff.

Dated: April 3, 2024 /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).