UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA DAVIS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:18-cv-1309

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 23)  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that Plaintiff's motion be granted in part in the amount of $19,944.23, that Defendant pay the fee from Plaintiff's past-due benefits in accordance with agency policy, and that after receiving this fee, Plaintiff's counsel be directed to refund the amount of the Equal Access to Justice Act fee award ($5,250.00) to Plaintiff. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 28).  Defendant filed a response to the objections (ECF No. 29).  In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

As noted by the Magistrate Judge, Plaintiff's initial motion did not present a "straightforward request for fees" and "counsel's math regarding her fee does not add up" (ECF No. 27 at PageID.631).  The disagreement appears to stem from the Magistrate Judge's "starting

point" of awarding Plaintiff's counsel $19,944.23 in attorney's fees. Plaintiff's counsel contends that she is legally entitled to $27,144.23, which represents 25% of the past due benefits.

The Sixth Circuit "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). The presumption may be rebutted in "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Here, the Magistrate Judge correctly determined that the requested amount was unreasonable and would result in a windfall for Plaintiff's counsel because the hypothetical hourly rate of $904.81 ($27,144.23 / 30.0 hours) greatly exceeded the *Hayes* floor. *See Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990). The Magistrate Judge then decided that a hypothetical hourly rate of $664.81 was more reasonable, which resulted in an attorney's fee award of $19,944.23. The Court finds no error in the Magistrate Judge's analysis or conclusion.

After finding that Plaintiff's counsel was entitled to a fee award of $19,944.23, the Magistrate Judge determined that Plaintiff's counsel must return the previously awarded EAJA fee ($5,250.00) to Plaintiff. Plaintiff's counsel asks this Court to use the "netting method," which would remove the EAJA award off of the amount Defendant will directly pay Plaintiff's counsel. While this may be an efficient manner in some cases, the Sixth Circuit has not yet addressed whether this procedure is permissible. The Court discerns no reason to deviate from its normal procedure in this case. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 28) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 27) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 23) is GRANTED IN PART in the amount of $19,944.23.

**IT IS FURTHER ORDERED** that Defendant shall pay the fee from Plaintiff's past-due benefits in accordance with agency policy, and that after receiving this fee, Plaintiff's counsel is directed to refund the amount of the Equal Access to Justice Act fee award ($5,250.00) to Plaintiff.

Dated:  June 27, 2024

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge